## FRANK LEWIS VIAN v. STATE.

No. A-1863.   Opinion Filed January 13, 1913.

Opinion on Rehearing February 1, 1913.

(128 Pac. 1103; 129 Pac. 450.)

1.  **APPEAL AND ERROR—Record—Case-Made.**   Where a defendant desires to take an appeal, he must prepare and serve his case-made within 30 days from the date of sentence, unless such time is extended by order of the trial court. If this is not done, the case-made will be stricken from the record.

2.  **SAME—Time of Taking Proceedings—Notice..**   Where a defendant takes an appeal, he must serve a written notice of appeal upon the county attorney and the clerk of the court in which the case was tried within the time required by law.   If this is not done, the appeal will be dismissed.

3.  **APPEAL—Rehearing.**   When counsel for an appellant has notice of a motion to dismiss an appeal and makes no reply thereto, it is too late, after the case has been decided, to attempt to correct the record in a motion for rehearing.

(Syllabus by the Court.)

*Appeal from District Court, Rogers County;*
*T. L. Brown, Judge.*

Frank Lewis Vian was convicted of robbery, and his punishment assessed at five years' confinement in the penitentiary, and he appeals.   Appeal dismissed.

*H. Jennings,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., and *J. I. Howard,* Co. Atty., for the State.

FURMAN, P. J.   First. A copy of the case-made was not served upon counsel for the state until more than 60 days after the date of sentence.   The statute provides that a case-made must be served upon opposing counsel within 30 days from date of sentence, unless this time is extended by order of the trial court. There was no such extension of time in this case.   The case-made must therefore be stricken from the record.

Second. We find that a written notice of appeal was never served by the appellant upon the county attorney or the clerk of the court in which this case was tried, as is required by law. As no such notice has been served, we have failed to acquire jurisdiction of this case, and the appeal is therefore dismissed, with directions to the district court of Rogers county to proceed with the execution of its judgment.

ARMSTRONG and DOYLE, JJ., concur.

---

## ON MOTION FOR REHEARING.

FURMAN, J. The following motion for a rehearing has been filed in behalf of appellant:

"Comes now the above-named appellant, by his attorney, H. Jennings, and moves the court that a rehearing may be had in this matter, and for grounds for such motion says: First, that in the first paragraph of the findings of this court, made herein, there is set out the fact, as a reason for the dismissal of the appeal, 'that the case-made was not served upon counsel for the state until more than sixty days after the date of sentence.' Whereas, at the time of the overruling of the motion, duly filed in the district court of Rogers county, the defendant was given ninety (90) days in which to file such case-made, ten (10) days were allowed for amendments, and five (5) days for settling the pleadings, as is evidenced by a certified copy of the judge's trial docket, attached hereto, marked 'Exhibit A,' and made a part hereof, and that such case-made was filed and settled within the time so prescribed. Wherefore, appellant prays that he may be granted a rehearing in this matter.

"H. JENNINGS, Attorney for Appellant."

Attached to this motion, and made a part thereof, is a certified copy of the judge's trial docket referred to in the motion, which is as follows:

"We the Jury find the Deft Guilty—7-3-12 Deft filed mo for new trial, 7-10-12 overruled & Deft ex—Sentenced to Pen for 5 years at hard labor, sentence to commence July 2 1912 Bond fixed $3000—Deft given 3 Days to make Bond. 90—10&5."

We are at utter loss to know why counsel filed such a motion as this, for the very record upon which he relies and which

he attached to the motion contradicts the statement made in the motion. Counsel for appellant had more than fifteen days' notice of the motion to dismiss this appeal, and made no reply to it. Even if there was an error in the transcript of the record, it is too late now for counsel to make a correction and be heard to complain.

The motion for a rehearing is therefore denied, with directions to the trial court to reform the judgment, and require the confinement of appellant in the penitentiary for the period of five years from date of his reception therein. Mandate will issue at once.

ARMSTRONG, P. J., and DOYLE, J., concur.